

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THE LAMAR COMPANY, LLC                                          **PLAINTIFF**

VS.                                          CIVIL ACTION NO. $\underline{1:17cv149LG-RHW}$

THE MISSISSIPPI TRANSPORTATION
COMMISSION                                                      **DEFENDANT**

## <u>NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE that pursuant to 28 U.S.C §§ 1331 and 1446 and other applicable law, the Mississippi Transportation Commission ("MTC"), by and through counsel, has filed this Notice of Removal as required by law for the removal of that certain cause entitled "The Lamar Company, LLC versus The Mississippi Transportation Commission," bearing Cause Number 17-685(3), from the Chancery Court of Harrison County, Mississippi, to the United States District Court for the Southern District of Mississippi, Southern Division. MTC reserves any and all rights, objections, defenses and exceptions.

As required by 28 U.S.C. § 1446, a copy of this Notice of Removal shall be filed with the Chancery Clerk of Harrison County, Mississippi, to effect the removal. According to 28 U.S.C. § 1446, the Harrison County Chancery Clerk shall proceed no further unless and until the case is remanded.

Removal is based on federal question jurisdiction because a federal question is intrinsic to Lamar Company, LLC's ("Plaintiff") claim, and its centrality constitutes adequate grounds for removal. In support of its notice, Defendant states as follows:

## I.      Procedural History

1.      This action was commenced by the Plaintiff in the Chancery Court of Harrison County, Mississippi, on April 5, 2017, relating to an outdoor advertising sign structure located adjacent to the right of way of U.S. Route 49 in Gulfport, Mississippi (the "billboard"). (Compl. ¶¶ 13-14.) In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders received by Defendant are attached as **Exhibit 1**.

2.      In the Complaint, Plaintiff alleges that after requesting to reconfigure and/or make a substantial change to its billboard, Defendant denied its request and refused to approve Plaintiff's plan to reconfigure the structure due to Defendant's determination that Plaintiff's billboard was considered a "non-conforming" sign structure because its existing height exceeded the maximum 40 feet allowed pursuant to law. *Id*.

3.      On these allegations, the Complaint presumably alleges, among other things, that Defendant failed to comply with the provisions of 23 C.F.R. § 750.707(b);(d)(5) Nonconforming Signs. (Compl. ¶ 15.)

## II.      This Notice of Removal is Timely Filed

4.      This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes.

5.      The Defendant received a copy of the initial pleading captioned "Complaint" by process server on April 12, 2017.

6.      The removal of this action to this Court is timely under 28 U.S.C § 1446(b) because this Notice of Removal is filed within thirty (30) days after April 12, 2017, which is the date Defendant first received the summons and complaint in this action.

7.      The United States District Court for the Southern District of Mississippi, Southern Division, is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending.

### III.      This Court Has Federal Question Jurisdiction

8.      Plaintiff presumably alleges that the exclusion of its "non-conforming" sign from the modification benefits available to signs that conform to state and federal requirements is illegal and contrary to federal and state law.  Therefore, federal question jurisdiction exists over Plaintiff's claim under 28 U.S.C. § 1331 because resolution of Plaintiff's claim will require adjudication of disputed questions of federal law.

9.      To the extent the Complaint alleges statutory, state common law or other nonfederal claims, this Court has supplemental jurisdiction over any such claim under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiff's claim under 23 C.F.R. § 750.707.

10.     Because Plaintiff's claim arises under the laws of the United States, this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331, and removal of this entire action is therefore appropriate.

### IV.     Notice of Removal to the Chancery Court of Harrison County, Mississippi

11.     Concurrently with the filing of this Notice of Removal in federal court, Defendant will file a copy of this Notice with the Chancery Court of Harrison County, Mississippi.  A copy of the written notice of the Notice of Removal to the Chancery Clerk of Harrison County, Mississippi, is attached hereto as **Exhibit 2**.  In accordance with 28

U.S.C. § 1446(d), Defendant will give written notice to Plaintiff by contemporaneously serving this Notice of Removal on Plaintiff.

12.    If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief or oral argument in support of its position that the case is removable.

## V.    Conclusion

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that this Notice of Removal and exhibits hereto be received and filed and that the Chancery Court of Harrison County, Mississippi, proceed no further.  Defendant further requests that the civil action be, and is hereby, removed to the United States District Court for the Southern District of Mississippi, Southern Division, that this Court assume jurisdiction of this civil action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal and for any additional relief to which Defendant may be entitled.

Respectfully submitted, this the 11th day of May, 2017.

THE MISSISSIPPI TRANSPORTATION
COMMISSION

BY:    _____
Rodney M. Love, MSB #103143
Staff Attorney

RODNEY M. LOVE
Staff Attorney
Mississippi Department of Transportation
Post Office Box 1850
Jackson, MS 39215-1850
Telephone: 601-359-7600
Facsimile:  601-359-7774
rlove@mdot.ms.gov

ELLIE B. WORD, MSB #100408
Special Assistant Attorney General
Office of the Attorney General
P.O. Box 1850
Jackson, MS  39215-1850
Telephone: 601-359-7600
Facsimile: 601-359-7774
eword@mdot.ms.gov

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have sent via U.S. Mail, postage prepaid,

the above and foregoing Notice of Removal to the following:

>Mark D. Herbert
>Jones Walker LLP
>Post Office Box 427
>Jackson, MS 39205-0427

So certified this 11th day of May, 2017.

Rodney M. Love
Staff Attorney, MDOT