### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**THE LAMAR COMPANY, LLC**                                                  **PLAINTIFF**

**V.**                               **CIVIL ACTION NO. 1:17-CV-00149-LG-RHW**

**THE MISSISSIPPI TRANSPORTATION**
**COMMISSION**                                                       **DEFENDANT**

### DEFENDANT'S ANSWER TO PLAINTIFF'S
### COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Defendant, Mississippi Transportation Commission (hereinafter referred to as "MTC"), a body corporate of the State of Mississippi, acting by and through the duly authorized Executive Director of the Mississippi Department of Transportation (hereinafter "MDOT"), by and through counsel, and files this its Answer and Defenses to Plaintiff's Complaint for Declaratory Judgment and Other Relief ("Complaint"), and would respectfully show unto the Court the following, to-wit:

### GENERAL DENIAL AND ANSWER

Defendant, MTC, generally denies all of the averments contained in the Complaint, except those as expressly set forth to the contrary herein, and demands strict proof thereof.

### FIRST DEFENSE

Defendant denies the allegations of the Complaint and would specifically plead that Plaintiff has failed to state a claim against the Defendant upon which relief can be granted, and the Complaint filed against the Defendant should be dismissed for failure of

1

the Plaintiff to state a claim against it with regard to the facts and circumstances of this matter.

## SECOND DEFENSE

Plaintiff is not entitled to declaratory or injunctive relief, or any other relief, because a substantial change to a nonconforming sign is an illegal modification and is prohibited by federal and state law and state regulations.

## THIRD DEFENSE

Plaintiff's claims are barred in whole or in part, by the provisions of 23 CFR § 750.707(b);(d)(5), Sections 49-23-9(2) and 49-23-15 of the Miss. Code Ann. (1972), and Sections 328, 800.8 and 1304 of Rule 37.I.7501.9002.

## FOURTH DEFENSE

Plaintiff is not entitled to declaratory relief because it would not be in the best interest of the public, would not terminate the uncertainty or controversy giving rise to the proceeding, and no case or actual controversy exists between the parties.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part by all the applicable statutes of limitations which may apply to Plaintiff's claims and Complaint filed against the Defendant.

## SIXTH DEFENSE

Plaintiff is not entitled to equitable relief pursuant to the doctrine of unclean hands.

**SEVENTH DEFENSE**

Plaintiff has not suffered any damages whatsoever; however, any and all alleged and purported damages of the Plaintiff were self-inflicted and/or caused by Plaintiff's failure to mitigate its damages, and are not attributable to or proximately caused by any purported act or omission by the Defendant.

**EIGHTH DEFENSE**

The Defendant should not be held liable for Plaintiff's claim on the ground that any alleged claims are barred by the doctrine of sovereign immunity and/or by the Mississippi Tort Claims Act.

**NINTH DEFENSE**

The Defendant denies that Plaintiff has been deprived of any rights, privileges, or immunities secured by the Constitution or laws of the United States or the State of Mississippi.

**TENTH DEFENSE**

With regard to any request for injunctive relief, Plaintiff is not faced with any threat of harm and Plaintiff has an adequate remedy at law.

**ELEVENTH DEFENSE**

The Defendant reserves the right, upon completion of its discovery and investigation and at such time as the allegations are more specifically pled and developed, to assert such additional defenses as may be appropriate and allowed by law.

## ANSWER

Without waiving any defenses or affirmative defenses, MTC answers the allegations set forth in the Plaintiff's Complaint for Declaratory Judgment and Other Relief, paragraph by paragraph, as follows.

1. With respect to paragraph 1 of the Plaintiff's Complaint, Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of the Complaint, and, therefore, same is denied.

2. With respect to paragraph 2 of the Plaintiff's Complaint, Defendant admits that the MTC is an agency of the State of Mississippi and admits the remaining allegations contained in Paragraph 2 of the Complaint.

## VENUE

3. With respect to paragraph 3 of the Plaintiff's Complaint, Defendant admits that the Complaint brought is in reference to a controversy that Plaintiff alleges to have occurred and is occurring in Harrison County, Mississippi.

## GENERAL FACTS

4. With respect to paragraph 4 of the Plaintiff's Complaint, Defendant admits the allegations contained in paragraph 4.

5. With respect to paragraph 5 of the Plaintiff's Complaint, Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 5, and, therefore, same is denied and strict proof thereof is demanded.

6. With respect to paragraph 6 of the Plaintiff's Complaint, Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 6, and, therefore, same is denied.

7. With respect to paragraph 7 of the Plaintiff's Complaint, Defendant responds that the allegations in paragraph 7 are statements and/or conclusions of law to which no response is required. To the extent that one is required, Defendant admits that paragraph 7 accurately summarizes a portion of Section 49-23-9(2)(b).

8. With respect to paragraph 8 of the Plaintiff's Complaint, Defendant responds that the allegations in paragraph 8 are statements and/or conclusions of law to which no response is required. To the extent that one is required, Defendant denies all allegations contained in paragraph 8 and demands strict proof thereof.

9. With respect to paragraph 9 of the Plaintiff's Complaint, Defendant denies all allegations contained in paragraph 9.

10. With respect to paragraph 10 of the Plaintiff's Complaint, Defendant denies all allegations contained in paragraph 10 and demands strict proof thereof.

11. With respect to paragraph 11 of the Plaintiff's Complaint, Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 11 and demands strict proof thereof.

12. With respect to paragraph 12 of the Plaintiff's Complaint, Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 12 and demands strict proof thereof.

13. With respect to paragraph 13 of the Plaintiff's Complaint, Defendant admits the allegations contained in paragraph 13.

14. With respect to paragraph 14 of the Plaintiff's Complaint, Defendant admits the allegations contained in paragraph 14.

15. With respect to paragraph 15 of the Plaintiff's Complaint, Defendant admits that the Plaintiff submitted a letter to the Defendant dated June 10, 2015, but denies all remaining allegations contained in paragraph 15 and demands strict proof thereof.

16. With respect to paragraph 16 of the Plaintiff's Complaint, Defendant admits that the Plaintiff submitted a notice of request for administrative review to the Defendant dated July 2, 2017, but denies all remaining allegations contained in paragraph 16 and demands strict proof thereof.

17. With respect to paragraph 17 of the Plaintiff's Complaint, Defendant denies all allegations contained in paragraph 17.

18. With respect to paragraph 18 of the Plaintiff's Complaint, Defendant denies all allegations contained in paragraph 18 and demands strict proof thereof.

19. With respect to paragraph 19 of the Plaintiff's Complaint, Defendant denies all allegations contained in paragraph 19 and demands strict proof thereof.

20. With respect to paragraph 20 of the Plaintiff's Complaint, Defendant admits that the Plaintiff emailed proposed revisions to Section 49-23-9 to MDOT's State Maintenance Engineer on January 14, 2016, but Defendant denies all remaining allegations contained in paragraph 20 and demands strict proof thereof.

21.	With respect to paragraph 21 of the Plaintiff's Complaint, Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 21 and, therefore, same is denied and strict proof thereof is demanded.

## COUNT I
## DECLARATORY RELIEF
## SECTION 49-23-9(2)(b) and RULE 1000.1.c

22.	With respect to paragraph 22 of the Plaintiff's Complaint, in regard to paragraphs 1 through 21, Defendant's answers and denials in reference to paragraphs 1 through 21 are consistent and are readopted herein, and strict proof thereof is demanded for all allegations which Plaintiff may contend are set forth in paragraph 22.

23.	With respect to paragraph 23 of the Plaintiff's Complaint, Defendant denies all allegations contained in paragraph 23 and demands strict proof thereof.

24.	With respect to paragraph 24 of the Plaintiff's Complaint, Defendant denies all allegations contained in paragraph 24 and demands strict proof thereof.

25.	With respect to paragraph 25 of the Plaintiff's Complaint, Defendant admits all allegations contained in paragraph 25.

26.	With respect to paragraph 26 of the Plaintiff's Complaint, Defendant denies all allegations contained in paragraph 26 and demands strict proof thereof.

27.	With respect to paragraph 27 of the Plaintiff's Complaint, Defendant denies all allegations contained in paragraph 27 and demands strict proof thereof.

28. With respect to paragraph 28 of the Plaintiff's Complaint, Defendant denies all allegations contained in paragraph 28 and demands strict proof thereof.

### COUNT II
### TAKING/DAMAGING OF LAMAR'S PROPERTY

29. With respect to paragraph 29 of the Plaintiff's Complaint, in regard to paragraphs 1 through 28, Defendant's answers and denials in reference to paragraphs 1 through 28 are consistent and are readopted herein, and strict proof thereof is demanded for all allegations which Plaintiff may contend are set forth in paragraph 29.

30. With respect to paragraph 30 of the Plaintiff's Complaint, Defendant responds that the allegations in paragraph 30 are statements and/or conclusions of law to which no response is required. To the extent that one is required, Defendant denies all allegations contained in paragraph 30 and demands strict proof thereof.

31. With respect to paragraph 31 of the Plaintiff's Complaint, Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 31, and, therefore, same is denied, and strict proof thereof is demanded.

32. With respect to paragraph 32 of the Plaintiff's Complaint, Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 32, and, therefore, same is denied, and strict proof thereof is demanded.

### COUNT III
### DECLARATORY RELIEF
### RULE 1800

33. With respect to paragraph 33 of the Plaintiff's Complaint, in regard to paragraphs 1 through 32, Defendant's answers and denials in reference to paragraphs 1

through 32 are consistent and are readopted herein, and strict proof thereof is demanded for all allegations which Plaintiff may contend are set forth in paragraph 33.

34. With respect to paragraph 34 of the Plaintiff's Complaint, Defendant denies all allegations contained in paragraph 34 and demands strict proof thereof.

35. With respect to paragraph 35 of the Plaintiff's Complaint, Defendant denies all allegations contained in paragraph 35 and demands strict proof thereof. Furthermore, Defendant denies that Plaintiff has been deprived of any rights, privileges, or immunities secured by the Constitution or laws of the United States or the State of Mississippi.

36. With respect to paragraph 36 of the Plaintiff's Complaint, Defendant respectfully requests that this Court deny Plaintiff's request for relief, including, but not limited to, an order declaring that any outdoor sign structure erected on or before April 15, 2008, is a legal "conforming" sign structure as to its height even if it exceeds 40 feet on the said date and that existing laws and regulations allow modification of sign structures exceeding 40 feet that were erected before April 15, 2008.

37. With respect to paragraph 37 of the Plaintiff's Complaint, Defendant respectfully requests that this Court deny Plaintiff's request for relief, including, but not limited to, an order declaring that MDOT's determination that the sign structure designated as permit number 5821 is "non-conforming" because its existing height exceeds 40 feet is contrary to law, illegal, and a misapplication of existing laws and regulations, and that Plaintiff is entitled to any relief.

38. With respect to paragraph 38 of the Plaintiff's Complaint, Defendant respectfully requests that this Court deny Plaintiff's request for relief, including, but not

limited to, an order declaring that the Defendant inversely condemned Plaintiff's property or that Plaintiff has suffered damages and is entitled to $100,000.00 or to any relief whatsoever from the Defendant.

39.     With respect to paragraph 39 of the Plaintiff's Complaint, Defendant respectfully requests that this Court deny Plaintiff's request for relief, including, but not limited to, judgment against the Defendant in an amount of $10,000,000.00 and that Plaintiff has suffered any damages whatsoever.

After having fully answered the Complaint for Declaratory Judgement and Other Relief, Defendant requests that this Honorable Court dismiss this action, with penalties and sanction against Plaintiff and all other costs of the necessity of responding to this Complaint.

WHEREFORE, PREMISES CONSIDERED, the Mississippi Transportation Commission respectfully requests that the Court enter a judgment:

A.     Denying Plaintiff's request for a declaratory judgment and determining that Plaintiff is not entitled to declaratory relief because no actual dispute or controversy exists or because judgment against the Defendant would not terminate uncertainty or controversy giving rise to the Complaint; and

B.     Denying Plaintiff's request for a declaratory judgement and declaring that a substantial change to Plaintiff's sign structure designated as permit number 5821, a nonconforming sign, is an illegal modification and prohibited by federal and state law and state regulations; and

C. Awarding the Defendant reasonable attorneys' fees, litigation expenses, and costs; and

D. Granting the Defendant such other relief as this Court deems appropriate.

Respectfully submitted, this the 19th day of May, 2017.

**MISSISSIPPI TRANSPORTATION COMMISSION**


BY: /s/Rodney M. Love
     Rodney M. Love, MSB #103143
     Staff Attorney


Rodney M. Love
Staff Attorney
Mississippi Department of Transportation
Post Office Box 1850
Jackson, MS 39215-1850
Telephone: (601) 359-7600
Facsimile: (601) 359-7774
rlove@mdot.ms.gov

Ellie B. Word, MSB #100408
Special Assistant Attorney General
Office of the Attorney General
Post Office Box 1850
Jackson, MS  39215-1850
Telephone: 601-359-7600
Facsimile: 601-359-7774
eword@mdot.ms.gov

## Certificate of Service

I, Rodney M. Love, attorney for the Defendant, the Mississippi Transportation Commission, do hereby certify that I have this day electronically filed the foregoing pleading, *Defendant's Answer to Plaintiff's Complaint for Declaratory Judgment* with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

>Mark D. Herbert
>Jones Walker LLP
>Post Office Box 427
>Jackson, MS 39205-0427
>mherbert@joneswalker.com

This the 19th day of May, 2017.

>/s/Rodney M. Love
>Rodney M. Love, Staff Attorney
>Mississippi Department of Transportation

L:\RODNEY\MND\ODA\Lamar v. MTC\Answer to Complaint_Lamar v. MTC 117cv149.docx