IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**THE LAMAR COMPANY, LLC**                                               **PLAINTIFF**

**v.**                                                         **CAUSE NO. 1:17cv149-LG-RHW**

**THE MISSISSIPPI
TRANSPORTATION COMMISSION**                                     **DEFENDANT**

## ORDER REQUIRING BRIEFS ON
## SUBJECT MATTER JURISDICTION

**THIS MATTER IS BEFORE THE COURT** sua sponte for the purpose of requiring the parties to submit briefs on the question of subject matter jurisdiction. The plaintiff Lamar Company, LLC, is an outdoor advertising company that builds and maintains outdoor advertising signs in Mississippi. The defendant Mississippi Transportation Commission ("MTC"), by and through the Mississippi Department of Transportation ("MDOT"), regulates the height of outdoor advertising signs. In May 2015, Lamar notified MDOT that it wanted to change the shape of one of its signs, but MDOT refused to approve the reconfiguration of the sign because it considers it a non-conforming structure due to its height.

Lamar filed this lawsuit on April 4, 2017 in the Chancery Court of Harrison County, Mississippi, asking the Court to interpret Miss. Code Ann. § 49-23-9(2)(b), regulating allowable sign height, as well as the rule that MDOT adopted to implement that statute. Lamar also argues that MTC's own interpretation and application of the statute and rule have resulted in a taking of Lamar's property

without just compensation in violation of Article 3, Section 17 of the Mississippi Constitution.

MTC removed the case to this Court on the basis of federal question jurisdiction. However, within the four corners of the state court Complaint, Lamar does not assert any federal claims, and Lamar's takings claim solely references state law.

"[D]istrict courts . . . have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A federal question exists only where 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Bd. of Comm'rs v. Tenn. Gas Pipeline Co.*, 850 F.3d 714, 721 (5th Cir. 2017) (quoting *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008)).

Federal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction sua sponte if not raised by the parties. *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999); *see also* Fed. R. Civ. P. 12(h)(3). Even if parties remain silent, a federal court is obligated to notice on its own motion its lack of subject matter jurisdiction, and it is settled law that subject matter jurisdiction cannot be waived or conferred by consent, agreement, or other conduct of the parties. *See Gasch v. Hartford Accident & Indem. Co.,* 491 F.3d 278, 284 (5th Cir. 2007).

Pursuant to 28 U.S.C. § 1447(c) a case must be remanded "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." Therefore, the parties are ordered to submit briefs regarding whether this Court has subject matter jurisdiction to adjudicate the claims made in this lawsuit.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the parties are ordered to provide briefs regarding subject matter jurisdiction by **June 4, 2018**.

**SO ORDERED AND ADJUDGED** this the 14th day of May, 2018.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE