# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**THE LAMAR COMPANY, LLC**                                                **PLAINTIFF**

**v.**                                           **CAUSE NO. 1:17cv149-LG-RHW**

**THE MISSISSIPPI**
**TRANSPORTATION COMMISSION**                                       **DEFENDANT**

## SECOND ORDER REQUIRING BRIEFS ON
## SUBJECT MATTER JURISDICTION

**THIS MATTER IS BEFORE THE COURT** sua sponte for the purpose of requiring the parties to submit additional briefs on the issue of subject matter jurisdiction. The Mississippi Transportation Commission (MTC) removed this case to this Court on the basis of federal question jurisdiction. On May 14, 2018, this Court entered an [35] Order requiring the parties to submit briefs to the Court regarding whether this Court has subject matter jurisdiction. In response to the Order, MTC asserted for the first time that diversity jurisdiction is present.

Federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The citizenship of a limited liability company, such as Lamar, is based on the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Since the parties have not provided the Court with the citizenship of each and every member of Lamar, the Court cannot determine whether it has jurisdiction over this lawsuit.

Therefore, the parties are ordered to submit briefs regarding whether this Court has diversity jurisdiction over this lawsuit.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the parties are ordered to provide briefs regarding diversity jurisdiction by **June 15, 2018**.

**SO ORDERED AND ADJUDGED** this the 6th day of June, 2018.

*s/ Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge