IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THE LAMAR COMPANY, LLC                                              PLAINTIFF

v.                                                      CAUSE NO. 1:17cv149-LG-RHW

THE MISSISSIPPI
TRANSPORTATION COMMISSION                                      DEFENDANT

## ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

**THIS MATTER IS BEFORE THE COURT** sua sponte for the purpose of

determining whether the plaintiff, The Lamar Company, LLC, exhausted its

administrative remedies prior to filing this lawsuit against the Mississippi

Transportation Commission.

## BACKGROUND

Lamar is an outdoor advertising company that builds and maintains outdoor

advertising signs in Mississippi. The Mississippi Transportation Commission

("MTC"), by and through the Mississippi Department of Transportation ("MDOT"),

regulates the height of outdoor advertising signs. Lamar owns a sign that is

designated as Structure 5821 and located in Gulfport, Mississippi.

On May 22, 2015, Lamar notified MDOT that it wanted to change the

configuration of Structure 5821. The sign is currently a vertical sign that is 448

square feet with a total height of sixty-one feet. Lamar wishes to replace the

current sign with a horizontal sign that is 300 square feet and forty-five feet tall.

Lamar did not propose any changes to the footing of the existing sign or its position.

On June 2, 2015, MDOT denied Lamar's request, because it considers the sign a non-conforming structure under Miss. Code Ann. § 49-23-9(2)(b), which provides:

> The height of any sign structure shall not exceed forty (40) feet. The height of sign structures erected on or after April 15, 2008, shall not exceed forty (40) feet above the level of the road grade unless the grade of the land adjacent to the road is higher than the level of the road grade, then the height of the sign structure may exceed forty (40) feet above the level of the road grade but shall not exceed forty (40) feet above the grade of the site where the sign is placed.

On June 10, 2015, Lamar sent MDOT a letter requesting reconsideration. Lamar claims that the statute imposes a forty-foot height limit solely for signs erected on or after April 15, 2008, while MTC argues that the height limit applies to all sign structures. On July 2, 2015, Lamar sent a letter to MDOT requesting administrative review of MDOT's decision pursuant to section 1800 of the MDOT regulations governing control of outdoor advertising adjacent to state controlled routes. The parties then agreed that Lamar would ask the Mississippi Legislature to amend Miss. Code Ann. § 49-23-9(2)(b), but the Legislature failed to amend the statute.

On March 31, 2017, Lamar filed this lawsuit asking the Court to construe Miss. Code Ann. § 49-23-9(2)(b), as well as the rule that MDOT adopted to implement that statute. Lamar also argues that MTC's interpretation of the statute and rule have resulted in a taking of Lamar's property. Lamar further asks the Court to declare that section 1800 of MDOT's regulations, which establishes a procedure for administrative review of MDOT decisions, "is unconstitutional, illegal,

invalid and deprives Lamar and parties similarly situated constitutional protections, including its right to have judicial review of the decisions of MDOT affecting their interests." (Compl. 9, ECF No. 1-1.) The parties have filed cross-motions for summary judgment.

## DISCUSSION

"When primary jurisdiction is properly invoked, the agency and not a court should make the first decision; the doctrine of exhaustion of remedies requires that judicial review occur only after the administrative agency has made a complete decision." *Archer v. Creel*, 217 So. 3d 690, 692-93 (Miss. Ct. App. 2016) (quoting Jeffrey Jackson, *Encyclopedia of Mississippi Law* § 2:72 (2015)). It appears that Section 1800 of the MDOT regulations provides for administrative review in this circumstance. In addition, Lamar began the process of seeking administrative review before the parties agreed to stay the process and a statutory amendment from the Mississippi Legislature. Lamar did not complete the administrative review process after the Legislature failed to amend the statute. The Court finds that the question of whether Lamar exhausted its available administrative remedies must be resolved before the Court can reach the merits. The parties are, therefore, ordered to show cause why this case should not be dismissed without prejudice due to Lamar's failure to exhaust administrative remedies.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the parties are ordered to show cause within seven (7) days of the date of this Order why this

lawsuit should not be dismissed without prejudice for failure to exhaust administrative remedies.

        **SO ORDERED AND ADJUDGED** this the 23rd day of August, 2018.


s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE