## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**THE LAMAR COMPANY**                                                            **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 1:17cv149 LG RHW**

**THE MISSISSIPPI TRANSPORTATION**
**COMMISSION**                                                                   **DEFENDANT**

---

### RESPONSE OF THE LAMAR COMPANY TO COURT'S
### AUGUST 23, 2018 SHOW CAUSE ORDER

---

**COMES NOW,** The Lamar Company ("Lamar") and responds to this Court's August 23, 2018 Show Cause Order and in support thereof would show unto the Court the following:

**A.      There is No Administrative Remedy to be Exhausted**

Lamar pointed out in its August 17, 2018 correspondence to the Court (sent via email) that Section 1800 of Mississippi Department of Transportation's ("MDOT") regulations was the only purported administrative remedy in its regulations. Lamar also pointed out at the hearing and in its correspondence that Section 1800 allowed administrative appeals in only very limited situations, none of which applied to the facts of this case. Lamar incorporates the arguments found in Section 2 of its August 17, 2018 correspondence, and adds the following arguments:

**1.      The Plain Language of Section 1800 Demonstrates It Provides No Administrative Remedy**

In its August 23, 2018 Show Cause Order, the Court found:

> It appears that Section 1800 of the MDOT regulations provides for administrative review in this circumstance.

(Show Cause Order, p. 3.) With all due respect to the Court, this finding is incorrect.

Section 1800.1 is entitled "Jurisdiction." It provides:

1827310

> 1. Jurisdiction – An administrative review may **only** be taken from decisions involving the following:
>     a.  the denial of a permit to erect a sign;
>     b.  the denial of a vegetation removal permit; or
>     c.  the revocation of a permit; or
>     d.  the imposition of any penalty applied under section L above.

(Emphasis added.)

       **a)**      **Denial of a Permit to Erect a Sign.** MDOT's regulation requires a potential sign owner to apply for and receive a permit to erect a new sign. *See Section 500.* In this instance, structure #5821 has been in existence since 1986. Lamar did not seek a permit to erect a sign and none was denied by MDOT. This section is inapplicable to this case.

       **b)**      **Denial of a Vegetation Removal Permit.** MDOT's regulations tightly control the cutting of vegetation on MDOT rights of way. *See Section 1301.* Nothing in this case involves a permit to remove vegetation.

       **c)**      **Revocation of a Permit.** Under certain sections of its regulations, MDOT has the authority to revoke a sign owner's permit for egregious violations of the regulations. *See Section 1306(5)(d).* There is no allegation of any violation by Lamar and there was/is no action or threat by MDOT to revoke a permit held by Lamar.

       **d)**      **Imposition of a Penalty.** As noted in Lamar's previous response, it has been unable to identify "section L." Lamar assumes the reference is to some prior provision of the regulations that has either been deleted or re-designated. In any event, nothing in MDOT's June 2, 2015 correspondence so much as threatens, much less imposes, any penalty for any reason.

     Thus, it is clear that none of the very limited avenues for administrative review provided by Section 1800 apply to the circumstances of this case. Lamar had no right to administrative review in this case.

## 2.   MDOT Has Admitted that Section 1800 Provides Lamar No Administrative Remedy

If Section 1800's own language were not enough to make abundantly clear that it provides Lamar no administrative remedy in this case, MDOT has freely admitted that it does not.

With Lamar's August 17, 2018 correspondence in hand, MDOT responded with its own correspondence on August 22, 2018 attached hereto as Exhibit A. In its letter, MDOT freely admitted:

> The Mississippi Transportation Commission recognizes that Administrative Rule 1800.1 **does not** address an administrative review for the specific set of facts before the Court.

MDOT 8/22/18 letter, p. 1 (emphasis added).

MDOT then proceeds to cite Section 65-1-8 and Section 49-23-7. Section 65-1-8 generally addresses the powers and authority of the Mississippi Transportation Commission, but nowhere even mentions administrative reviews of the decisions of MDOT. Similarly, Section 49-23-7 only generally addresses the power of the Commission to make rules to implement its statutory responsibilities with regard to outdoor advertising.

Neither of these statutes in any way purport to establish an administrative procedure for appealing MDOT's June 2, 2015 decision to deny Lamar permission to modify its sign structure. Simply put, there was and is no process for any administrative appeal of that decision. Thus, Lamar had no choice but to pursue a judicial remedy when its efforts to legislatively rectify the situation failed.

## 3.   MDOT Has Not Pled or Asserted Exhaustion as a Defense

As further evidence that even MDOT does not believe that this matter is subject to exhaustion of administrative remedy, in its Answer (ECF No. 3) MDOT did not plead exhaustion

as a defense to Lamar's Complaint. MDOT also filed its own Motion for Summary Judgment seeking its own interpretation of the statute and regulation in question. It did not move for dismissal of Lamar's complaint on the basis of any failure by Lamar to exhaust administrative remedy.

Thus, even MDOT agrees, exhaustion is not an issue in this case.

### 4. MDOT Never Responded to Lamar's July 2, 2015 Request for an Administrative Appeal

With full knowledge that Section 1800 did not provide an administrative appeal, Lamar nonetheless wanted to avoid any contention by MDOT that it had waived whatever rights it might have. Thus, on July 2, 2015 Lamar's counsel wrote MDOT and requested an administrative appeal pursuant to Section 1800. In his letter, Lamar's counsel noted Lamar's position that Section 1800 did not provide for administrative review under the facts of this case. *See Exhibit B hereto, Affidavit of Mark D. Herbert and letter of July 2, 2015 attached as Exhibit B-1. The July 2, 2015 letter was also identified and authenticated as Exhibit 13 to the Deposition of Heath Patterson, pp. 49-50.*

Unfortunately, MDOT never even bothered to respond to this request. *See Affidavit of Mark Herbert attached hereto as Exhibit B. See also deposition of Heath Patterson, pp. 49-50.*

The discussions regarding a legislative approach only arose when MDOT refused to take any action on counsel's request for a reconsideration and/or an appeal and occurred months later, in the spring of 2016. *See Exhibits C-2 and Exhibit E to Lamar's Motion (ECF No. 5), affidavit (uncontested) of Marty Elrod and Exhibit 1 hereto.)*

Lamar cannot be held to have failed to exhaust an administrative remedy where MDOT failed to offer one.

### B. The Exhaustion Doctrine Does Not Apply to this Case

The Mississippi Supreme Court has made it clear that "[t]he exhaustion doctrine is not without its exceptions." *Public Employees Retirement System of Miss. v. Hawkins*, 781 So. 2d 899,

4

906 (Miss. 2001) (citing *Miss. Dept. of Environmental Quality v. Weems*, 653 So. 2d 266 (Miss. 1995)). The Court explained that "factors which weigh against applying the doctrine of exhaustion include: the pursuit of the administrative remedy would result in irreparable harm; the agency clearly lacks jurisdiction; the agency's position is clearly illegal; the dispositive question is one of law; exhaustion would be futile; and comparatively, the action can be disposed of with less expense and more efficiently in the judicial arena." *Id.* (citing *Weems*, 653 So. 2d at 278). Thus, pertinent to this action, Mississippi law recognizes exceptions when the administrative remedy is inadequate, when efforts to resolve through the administrative process would be futile, and when the question presented is purely a question of law.

### 1.   There is no adequate and available administrative remedy for Lamar.

The exhaustion doctrine will only apply if an administrative remedy is available and adequate. In *Campbell Sixty-Six Express, Inc. v. J. & G. Express, Inc.*, the Mississippi Supreme Court explained that "[w]here no adequate administrative remedy is provided, the exhaustion doctrine is not applicable." 141 So. 2d 720, 726 (Miss. 1962) (holding that the exhaustion doctrine did not bar plaintiff's lawsuit). In *Mississippi Department of Environmental Quality v. Weems*, the Mississippi Supreme Court held that a claim could not be dismissed for failure to exhaust administrative remedies where the plaintiff "was not afforded a plain, speedy, adequate and complete remedy." 653 So. 2d at 266.

In *Hawkins*, the Supreme Court explained that the claimant "did not have an adequate and complete remedy" because "a condition precedent to the right to [an administrative] appeal" was not present. 781 So. 2d at 907. Because none of the four bases for administrative review in Section 1800 applies, Lamar—like the claimant in *Hawkins*—does not have an adequate and complete remedy because the conditions that would trigger a right to administrative appeal are not present.

## 2. They Remedy Must Be Speedy

The length of time that Lamar's petition to MTC has languished also weighs against the application of the exhaustion doctrine. In *Hawkins*, the Supreme Court noted that it decided in *Weems* "that a claimant was not afforded a plain, speedy, adequate and complete remedy where the matter had been pending for three years or more." 781 So. 2d at 907 (citing *Weems*, 653 So. 2d at 276). This dispute began on May 22, 2015, when Lamar advised MDOT in writing that they intended to modify structure #5821. (ECF No. 25-1.) MDOT notified Lamar of its position that the sign was "non-conforming" on June 2, 2015. (ECF No. 25-1, Ex. 2.) Lamar's counsel wrote to MDOT on June 10, 2015, and asked MDOT to reconsider this position. (ECF No. 25-3, p. 36.) MDOT never responded to that correspondence. Lamar's counsel was cognizant of Section 1800, and understood that it did not provide grounds for administrative review, but wrote to MDOT requesting administrative review out of an abundance of caution on July 2, 2015. *See* Exhibit "B-1." MDOT never responded to this correspondence. *Id.*

Lamar's position is that it has no further administrative remedy. But even if it did, it has been denied for more than three years through no fault of its own. Thus, Lamar has not been afforded a plain, speedy, adequate, and complete remedy which forecloses application of the doctrine of exhaustion.

## 3. Lamar's Position Presents Purely a Question of Law

One of the factors that will "weigh against applying the doctrine of exhaustion" is when "the dispositive question is one of law." *Hawkins*, 781 So. 2d at 906 (citing *Weems*, 653 So. 2d at 278). In *Hawkins*, the Court noted that "the dispositive question here is one of law and does not

require resolution of factual disputes or the exercise of agency expertise." 781 So. 2d at 907.[1] In *Campbell Sixty-Six*, the Supreme Court held that the exhaustion doctrine did not apply, and reasoned that "the question in dispute . . . is purely a legal one" and that "[t]here is no administrative area of interpretation presented, in which the chancery court is not equally capable of determination." 141 So. 2d at 276.

Each of the issues raised by Lamar's Count I are purely issues of law. They are all issues of statutory construction. There is no technical knowledge or administrative expertise that would aid in this determination. This Court is in as good or better position to interpret the statute and regulation in dispute in this case as an official of MDOT.

In *Hawkins*, the Mississippi Supreme Court held that the exhaustion doctrine did not apply to that case, and explained: "Neither the statutes, nor the Mississippi Constitution is administrated by PERS. **The interpretation of these statutes and the Constitution present a question of law peculiarly within judicial competence.**" 781 So. 2d at 907 (emphasis added). Only part of Lamar's first prayer for relief could have been provided by MDOT but, as noted above, there is no administrative remedy available. With regard to the other prayers for relief, these are questions of law that are ripe for determination and cannot be dismissed under the exhaustion doctrine. *See Howard v. Totalfina E&P USA, Inc.*, 899 So. 2d 882 (Miss. 2005) (holding that questions of law outside of an agency's jurisdiction should not have been dismissed); *Georgia-Pacific Corp., Inc. v. Mooney*, 909 So. 2d 1081 (Miss. 2005) (holding that even when administrative remedies have not been exhausted on an administrative claim, "separate and distinct" causes of action should not be dismissed).

---

[1] It should again be noted that the Mississippi Supreme Court recently "abandon[ed] the old standard of review giving deference to agency interpretations of statutes." *King v. Miss. Military Dept.*, No. 2017-CC-00784-SCT (Miss. June 6, 2018).

Lamar has exhausted what administrative remedy it had. Moreover, this lawsuit is about more than Lamar's request to alter Sign 5821, and there are purely legal issues that Lamar seeks to have a Court address. If this lawsuit is dismissed, Lamar is without remedy.

### 4.   Even if Exhaustion was an Issue, Dismissal is not Appropriate

Lamar's Complaint was filed in the Chancery Court of Harrison County on April 14, 2017. The case was removed to this Court by MDOT on May 15, 2017.

Lamar's Complaint asserted three separate counts and causes of action. Count I sought declaratory relief as to the interpretation of Section 49-23-9(2)(b) and Rule 1000.1.c, both generally and as applied to Lamar's sign structure number 5821. Count II sought damages for the taking or damaging of Lamar's property if the Court sustained MDOT's interpretation of 49-23-9(2)(b) and Rule 1000.1.c. Count III sought declaratory relief that Rule 1800 of MDOT's regulations was unconstitutional.

A finding that Lamar has failed to exhaust an administrative remedy would have no application to that part of Count I that seeks general declaratory relief as to the proper interpretation of 49-23-9(2)(b) and Rule 1000.1.c, nor as to Lamar's taking claim, nor its claim as to the unconstitutionality of Section 1800. These parts of Lamar's Complaint, are beyond the jurisdiction of MDOT and should not be dismissed.

### CONCLUSION

Lamar understands the Court's reluctance to interpret the statute and regulations at issue, but respectfully submits its "finding" that Section 1800 gave or gives Lamar a legal, viable administrative remedy is simply incorrect.

Lamar has done all it can. It asked for reconsideration and was ignored. It asked for an administrative appeal (even though it was clear Section 1800 did not apply) and was again ignored.

It tried the legislative approach and even with MDOT in agreement, that did not work. Finally, it did what it had no other choice to do-seek a judicial remedy. To dismiss Lamar's case now simply slams the final door in its face and allows MDOT to benefit from its own intransigence.

This the 30th day of August 2018.

Respectfully Submitted,

THE LAMAR COMPANY

By:      /s/ Mark D. Herbert
         Mark D. Herbert

Mark D. Herbert (MSB No. 2370)
M. Madison Taylor (MSB No. 103943)
TAYLOR WELLONS POLITZ DUHE, APLC
100 Webster Circle, Suite 104
Madison, MS  39110
Telephone: 769-300-2988
Facsimile:  769-300-2145
mherbert@twpdlaw.com
mtaylor@twpdlaw.com

## CERTIFICATE OF SERVICE

I certify that I have this day filed the foregoing pleading using the Court's ECF system which notified the following:

Daniel B. Smith
MDOT
P.O. Box 1850
Jackson, MS 39215-1850
dsmith@mdot.ms.gov

Rodney M. Love, Esq.
MDOT
Legal Division (69-01)
P.O. Box 1850
Jackson, MS 39215-1850
rlove@mdot.ms.gov

This the 30th day of August 2018.

/s/ Mark D. Herbert
Mark D. Herbert