IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**THE LAMAR COMPANY, LLC**                                              **PLAINTIFF**

v.                                                     **CAUSE NO. 1:17cv149-LG-RHW**

**THE MISSISSIPPI
TRANSPORTATION COMMISSION**                              **DEFENDANT**

### MEMORANDUM OPINION AND ORDER GRANTING IN PART THE MISSISSIPPI TRANSPORTATION COMMISSION'S MOTION FOR SUMMARY JUDGMENT AND DENYING LAMAR COMPANY, LLC'S AMENDED MOTION FOR PARTIAL SUMMARY JUDGMENT

**BEFORE THE COURT** are the [24] Amended Motion for Partial Summary Judgment filed by the Lamar Company, LLC, and the [26] Motion for Summary Judgment filed by the Mississippi Transportation Commission ("MTC"). The parties have fully briefed the Motions. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Lamar's Motion should be denied, and MTC's Motion should be granted as to Lamar's request for a declaratory judgment concerning the meaning of Miss. Code Ann. § 49-23-9(2)(b) but denied as to Lamar's takings claim.

### BACKGROUND

Lamar is an outdoor advertising company that builds and maintains outdoor advertising signs in Mississippi. MTC, by and through the Mississippi Department of Transportation ("MDOT"), regulates the dimensions of outdoor advertising signs. Lamar owns a vertical sign that is designated as Structure 5821 located in Gulfport, Mississippi.

In May 2015, Lamar notified MDOT that it wanted to change the shape of Structure 5821. MDOT refused to approve the reconfiguration of the sign because it considers it a non-conforming structure due to its proposed height, in excess of forty feet. In summary, the parties dispute the meaning of Miss. Code Ann. § 49-23-9(2)(b), which provides in part:

> The height of any sign structure shall not exceed forty (40) feet. The height of sign structures erected on or after April 15, 2008, shall not exceed forty (40) feet above the level of the road grade unless the grade of the land adjacent to the road is higher than the level of the road grade, then the height of the sign structure may exceed forty (40) feet above the level of the road grade but shall not exceed forty (40) feet above the grade of the site where the sign is placed.

The parties also dispute the meaning of the rule that MDOT adopted to implement that requirements of the statute.

Lamar filed this lawsuit seeking a declaratory judgment that "any sign structure erected prior to April 15, 2008 may exceed 40 feet in height above the road grade and such structures are conforming structures" as well as a declaratory judgment that "MDOT's determination that Structure 5821 is 'non-conforming' because of its existing height is contrary to law, illegal and a misapplication of Section 449-23-9(2) and Rule 1000.1.c and that Lamar's plan to reconfigure Structure 5821 is entitled to be approved as submitted." (Compl. 5, ECF No. 1-1.) Lamar also argues that MTC's interpretation of the statute and rule have resulted in a taking of Lamar's property.

# DISCUSSION

A motion for summary judgment may be filed by any party asserting that there is no genuine issue of material fact and that the movant is entitled to prevail as a matter of law on any claim. Fed. R. Civ. P. 56. The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324-25. The non-movant may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

Lamar and MTC dispute whether the following statutory language is ambiguous:

> The height of any sign structure shall not exceed forty (40) feet. The height of sign structures erected on or after April 15, 2008, shall not exceed forty (40) feet above the level of the road grade unless the grade of the land adjacent to the road is higher than the level of the road grade, then the height of the sign structure may exceed forty (40) feet above the level of the road grade but shall not exceed forty (40) feet above the grade of the site where the sign is placed.

Miss. Code Ann. § 49-23-9(2)(b). MDOT Rule 1000.1.b-c contains nearly identical language. *See* Miss. Admin. Code 37-1-13:09002. Lamar argues that the statute and rule are ambiguous, and that this Court should hold that only signs erected on or after April 15, 2008 are bound by the height limitation of forty feet. As proof of legislative intent, Lamar has submitted an affidavit signed by City of Gulfport,

Mississippi Mayor Billy Hewes in which he testifies that he served as a member of the Mississippi State Senate's Highways and Transportation Committee during the 2008 Legislative Session. (Lamar's Mot. Ex. I, at 1, ECF No. 24-9). Mayor Hewes sponsored Senate Bill 2955, and the intent of the bill was to allow signs erected on or before April 15, 2008 to exceed forty feet in height, "but to restrict going forward all signs erected after April 15, 2008" to forty feet in height. (*Id.* at 2). He explains that "[t]he sentence of 49-23-9(2)(b) which reads 'The height of any sign structure shall not exceed forty (40) feet.' should have been deleted from 49-23-9(2)(b); however, it was not." (*Id.*) Mayor Hewes further states that "[t]he second sentence expresses the true intent of Senate Bill 2955 as passed by the Legislature." (*Id.* at 3). MDOT counters: "Plainly, the first sentence referenced [in the statute] prohibits any signs exceeding forty (40) feet in height. The next sentence clarifies how the forty (40) feet in height is to be measured after April 15, 2008." (MTC's Resp., at 1, ECF No. 31).

"When applying state law, 'we interpret the state statute the way we believe the state Supreme Court would, based on prior precedent, legislation, and relevant commentary.'" *Vielma v. Eureka Co.*, 218 F.3d 458, 462 (5th Cir. 2000) (quoting *F.D.I.C. v. Shaid*, 142 F.3d 260, 261 (5th Cir. 1998)). "If a state's highest court has not spoken on the issue, we look to the intermediate appellate courts for guidance." *Id.* (citing *Wood v. Armco, Inc.*, 814 F.2d 211, 213 n.5 (5th Cir. 1987)).[1]

---

[1] The Mississippi Supreme Court recently "abandon[ed] the old standard of review giving deference to agency interpretations of statutes," because it is solely the

In considering a statute the first question is whether the statute is ambiguous. If the statute is not ambiguous, the court must apply the statute according to its plain meaning and should not use principles of statutory construction. *City of Natchez, Miss. v. Sullivan*, 612 So. 2d 1087, 1089 (Miss. 1992). "A statute is ambiguous when open to two or more reasonable interpretations." *Cellular S., Inc. v. BellSouth Telecomms., LLC*, 214 So. 3d 208, 212 (Miss. 2017).

> The function of the Court is not to decide what a statute should provide, but to determine what it does provide. The Court must not broaden or restrict a legislative act. Whether a statute is ambiguous, or not, the ultimate goal of this Court in interpreting a statute is to discern and give effect to the legislative intent. In determining legislative intent, this Court must first look to the language of the statute at issue.

*Clarksdale Mun. Sch. Dist. v. State*, 233 So. 3d 299, 305 (Miss. 2017) (internal quotation marks and citations omitted). "The best evidence of legislative intent is the text of the statute; the Court may also look to the statute's historical background, purpose, and objectives." *Miss. Methodist Hosp. & Rehab. Ctr., Inc. v. Miss. Div. of Medicaid*, 21 So. 3d 600, 607 (Miss. 2009). "If a statute is ambiguous, it is the Court's duty to 'carefully review statutory language and apply its most reasonable interpretation and meaning to the facts of a particular case.'" *Id.* at 608 (quoting *Caldwell v. N. Miss. Med. Ctr.*, 956 So. 2d 888, 891 (Miss. 2007)).

The Court finds that Miss. Code Ann. § 49-23-9(2)(b) as written is not ambiguous. The disputed portion of § 49-23-9(2)(b) begins with the restriction that

---

court's duty to interpret statutes. *King v. Miss. Military Dep't,* 245 So. 3d 404, 409 (¶12) (Miss. 2018).

"[T]he height of any sign structure shall not exceed forty (40) feet." The remainder of the section at issue provides the metric by which the forty feet height restriction will be applied to structures erected after April 8, 2008. Thus, taken as a whole, there is nothing ambiguous about the plain language of § 49-23-9(2)(B). In contrast, and in order to attribute an alternate meaning to the statutory language, Lamar asks the Court to disregard an entire sentence in the statute; something that the legislature has not done by amendment since 2008.

Notwithstanding the language proposed by the 2008 Senate Highways and Transportation Committee, the final version of § 49-23-9 enacted by the Mississippi Legislature says what it says. The presence of statutory language cannot be ignored or treated as mere surplusage, and the Court cannot restrict or enlarge the meaning of an unambiguous statute. *Wayne Cty. Sch. Dist. v. Morgan*, 224 So. 3d 539, 542 (Miss. 2017). When reasonable, a court is obliged to reach an interpretation that gives effect to all of the statutory language. *Miss. Methodist Hosp. & Rehab. Ctr., Inc. v. Miss. Div. of Medicaid,* 21 So.3d 600, 608 (Miss. 2009). Therefore, the Court finds that MTC's Motion for Summary Judgment should be granted to the extent that Lamar is not entitled to the declaratory judgments it seeks.

Lamar has also filed a takings claim. While MTC seeks summary judgment as to Lamar's entire lawsuit, it has not provided any analysis, argument, or authority concerning Lamar's taking claim. MTC's Motion for Summary Judgment is therefore denied as to Lamar's takings claim.

## CONCLUSION

For the foregoing reasons, the Court finds that Miss. Code Ann. § 49-23-9(2)(b) and MDOT Rule 1000.1.b-c are clear and unambiguous as to the limitation on the height of outdoor advertising sign structures. MTC's Motion for Summary Judgment is granted as to Lamar's requests for a declaratory judgments adopting a different interpretation of the statute and MTC rule at issue. For the same reasons, Lamar's Amended Motion for Partial Summary Judgment seeking declaratory judgments adopting a different interpretation of the statute and MTC rule must be denied. However, Lamar's quiescent takings claim remains pending due to MTC's failure to adequately address it on the merits.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [24] Amended Motion for Partial Summary Judgment filed by the Lamar Company, LLC, is **DENIED**.

**IT IS, FURTHER ORDERED AND ADJUDGED** that the [26] Motion for Summary Judgment filed by the Mississippi Transportation Commission is **GRANTED** as to Lamar's requests for declaratory judgment and **DENIED** as to Lamar's takings claim.

**SO ORDERED AND ADJUDGED** this the 14th day of November, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE