IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**THE LAMAR COMPANY, LLC**                                         **PLAINTIFF**

**v.**                                     **CAUSE NO. 1:17CV149-LG-RPM**

**THE MISSISSIPPI**
**TRANSPORTATION**
**COMMISSION**                                       **DEFENDANT**

**MEMORANDUM OPINION AND ORDER DENYING IN PART**
**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND**
**COSTS AND REMANDING CASE TO STATE COURT**

**BEFORE THE COURT** is Lamar Company, LLC's [69-1] Motion for Attorney's Fees and Costs, which was filed before the United States Court of Appeals for the Fifth Circuit on September 1, 2020.  The Fifth Circuit remanded consideration of the Motion to this Court on October 14, 2020.  The parties fully briefed the Motion before the Fifth Circuit and provided supplemental briefs to this Court after remand.  After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Lamar's Motion should be denied in part to the extent that Lamar seeks relief pursuant to 28 U.S.C. § 1447(c) and Fed. R. Civ. P. 11.  The case must now be remanded to the Chancery Court of Harrison County, Mississippi pursuant to 28 U.S.C. § 1447(c) for consideration of the merits of Lamar's claims as well as the remaining claims in Lamar's Motion for Attorney's Fees and Costs.[1]

---

[1] Lamar also seeks costs and fees pursuant to the Mississippi Litigation Accountability Act. Miss. Code Ann. § 11-55-5.

## BACKGROUND

Lamar builds and maintains outdoor advertising signs in Mississippi. The Mississippi Transportation Commission ("MTC"), by and through the Mississippi Department of Transportation ("MDOT"), regulates the height of outdoor advertising signs. MDOT denied Lamar's request for permission to change the shape of one of its signs because it considered it a non-conforming structure pursuant to Miss. Code Ann. § 49-23-9(2)(b). As a result, Lamar filed this lawsuit in the Chancery Court of Harrison County, Mississippi, asking the Court to construe Miss. Code Ann. § 49-23-9(2)(b), as well as the rule that MDOT adopted to implement the statute. Lamar also alleged that MTC's interpretation of the statute and rule (by and through MDOT) resulted in a taking of Lamar's property under the Mississippi Constitution. MTC removed the case to this Court on the basis of federal question jurisdiction, and the parties filed cross-motions for summary judgment.

Since no federal claim appeared on the face of Lamar's Complaint, this Court entered an [35] Order Requiring Briefs on the Question of Subject Matter Jurisdiction. In its brief, MTC asserted that both federal question and diversity jurisdiction were present. Lamar asserted that the Court did not have federal question jurisdiction but did not address diversity jurisdiction. The Court therefore entered a [38] Second Order requiring the parties to provide briefs concerning whether diversity jurisdiction was present. Both MTC and Lamar agreed that the Court had diversity jurisdiction over this lawsuit.

On October 1, 2018, the Court dismissed the lawsuit without prejudice for failure to exhaust administrative remedies. Lamar appealed, and the Fifth Circuit reversed and remanded the case back to this Court on the basis that no adequate administrative remedy existed. *Lamar Co., L.L.C. v. Miss. Transp. Comm'n*, 786 F. App'x 457, 461 (5th Cir. 2019) ("*Lamar I*"). After allowing the parties to submit supplemental briefs concerning their previously filed Motions for Summary Judgment, the Court determined that MTC was entitled to summary judgment as to Lamar's declaratory judgment claim but not as to Lamar's takings claim. The parties filed a Joint Stipulation of Dismissal with Prejudice as to Lamar's takings claim, and the Court entered a Final Judgment of Dismissal. Prior to entry of final judgment this Court did not consider the absence of diversity jurisdiction

Lamar appealed the award of summary judgment in favor of MTC. Almost seven months later, MTC filed a Motion to Remand with the Fifth Circuit. MTC noted that it had recently determined that diversity jurisdiction does not exist because MTC is an agency or alter ego of the State of Mississippi and therefore not a "citizen" for jurisdictional purposes.

Aggrieved by the possibility of remand after over three years of litigation, Lamar filed the present Motion for Attorney's Fees and Costs. In support of its Motion, Lamar argued that (1) MTC's removal of the case to this Court from Harrison County Chancery Court lacked an objectively reasonable basis, thus permitting an award of fees and costs pursuant to 28 U.S.C. § 1447(c); (2) this matter presents "unusual circumstances" warranting a fee award pursuant to

*Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005); (3) MTC failed to conduct a reasonable inquiry into the law and facts supporting its position as required by Fed. R. Civ. P. 11; and (4) MTC's actions created unnecessary litigation justifying an award of fees and costs pursuant to the Mississippi Litigation Accountability Act.

In a detailed written opinion, the Fifth Circuit determined that both federal question jurisdiction and diversity jurisdiction are lacking. *Lamar Co., L.L.C. v. Miss. Transp. Comm'n*, 976 F.3d 524 (5th Cir. 2020) ("*Lamar II*"). The Fifth Circuit first noted that federal question jurisdiction was not present, even though there was some potential that part of any award for a takings claim could come from the federal treasury pursuant to 23 U.S.C. § 131(g).

Regarding diversity jurisdiction, the Fifth Circuit noted that a state cannot be considered a citizen of itself for purposes of diversity. *Id.* at 530 (citing *Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973)). In order to be considered a citizen of Mississippi, a state agency must be sufficiently independent of the state, not an alter ego. *Id.* Since no court had previously determined whether MTC was an alter ego of Mississippi, the Fifth Circuit applied the following factors set forth in *Tradigrain, Inc. v. Miss. State Port Auth.*, 701 F.2d 1131, 1132 (5th Cir. 1983):

> whether the agency has been granted the right to hold and use property, whether it has the express authority to sue and be sued in its corporate name, the extent of its independent management authority, and a factor that subsumes all others, the treatment of the agency by the state courts.

*Lamar*, 976 F.3d at 530 (internal quotation marks omitted). The Fifth Circuit also noted that other factors can tend to show that an agency is independent of the state,

including its ability to hire its own employees, to enter into its own contracts, and to hire its own counsel. *Id.* at 531. Although several factors supported a finding that MTC is independent, the Fifth Circuit found that the most important factors warranted a finding that MTC is an alter ego of the state that cannot be considered a "citizen" for jurisdictional purposes. *Id.* at 532-34.

In conclusion, the Fifth Circuit held that the case should be remanded to the state court after this Court's consideration of Lamar's requests for attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) and Rule 11. *Id.* at 534-35. Lamar's request under the Mississippi Litigation Accountability Act would be considered by the state court. *Id.*

## DISCUSSION
### I.  28 U.S.C. § 1447(c)

When remanding a case to state court for lack of jurisdiction, the district court can "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.* "When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be faithful to the purposes of awarding fees under § 1447(c)." *Id.* (internal

quotation marks omitted). These purposes are Congress's "desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party" as well as its desire to "afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

The Court finds that MTC had objectively reasonable grounds to believe that its removal was legally proper pursuant to 28 U.S.C. § 1441. Initially, MTC removed the case to this Court on the basis of federal question jurisdiction because it believed that Lamar's takings claim required interpretation of the Highway Beautification Act and a federal regulation, 23 C.F.R. § 750.707. The Court and the parties also concluded that diversity jurisdiction was present even if the presence of federal question jurisdiction was unclear. There is no indication that MTC removed the case to this Court in order to prolong litigation or increase Lamar's costs. In fact, the Fifth Circuit found that MTC's decision to raise a newly discovered jurisdictional issue in a case in which it was the prevailing party was "commendable." *Lamar II*, 976 F.3d at 528. The Fifth Circuit also noted that the discovery of a jurisdictional defect on appeal is not a "unique" circumstance. *Id.*

Lamar's failure to file a motion to remand at any point during the proceedings further indicates the objectively reasonable basis for MTC's removal.[2]

---

[2] Lamar argues that it relied on MTC's representation that MTC is a citizen of Mississippi in several pleadings filed before this Court and the Fifth Circuit. However, as the Fifth Circuit held in *Lamar II*, MTC was incapable of waiving jurisdiction by erroneously claiming that it is a citizen of Mississippi. *Lamar II*, 976 F.3d at 534 ("A state can at times waive its immunity but can never concede subject-matter jurisdiction.").

*See Martin*, 546 U.S. at 711 (noting that a plaintiff's delay in seeking remand may affect the decision to award attorney's fees). In addition, this Court and at least one panel of the Fifth Circuit did not discern the absence of diversity jurisdiction. Under these circumstances, the Court finds that Lamar's request for attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) should be denied as MTC had an objectively reasonable basis for removal. In addition, this case does not present "unique circumstances" warranting an award of attorneys' fees under *Martin*.

## II. Fed. R. Civ. P. 11

Rule 11 provides:

> By presenting to the court a pleading, written motion, or other paper-- whether by signing, filing, submitting, or later advocating it-- an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Courts are permitted to impose sanctions for failure to perform the duties imposed by Rule 11. Fed. R. Civ. P. 11(c).

Rule 11 requires attorneys who sign pleadings to conduct "a reasonable inquiry into the relevant law." *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 989 F.2d

791, 793 (5th Cir. 1993). "Indicia of reasonable inquiry into the law include the plausibility of the legal theory espoused and the complexity of the issues raised." *Id.* In other words, a legal argument does not violate Rule 11 unless it is "unreasonable from the point of view both of existing law and of its possible extension, modification, or reversal." *Id.*

The Court once again finds that MTC's attorneys had an objectively reasonable basis for removing the case to this Court and for continuing to assert the existence of jurisdiction. MTC's briefs concerning subject matter jurisdiction demonstrate that its attorneys conducted thorough research regarding jurisdiction but merely overlooked one possible basis for finding that this Court lacked jurisdiction. Lamar's attorneys, this Court, and the Fifth Circuit panel in *Lamar I*, also believed that this Court had jurisdiction. As a result, the Court finds no basis to impose Rule 11 sanctions against MTC's attorneys.

## CONCLUSION

For the foregoing reasons, Lamar's Motion for Attorney's Fees and Costs is denied in part. Pursuant to the Fifth Circuit's opinion in *Lamar Co., L.L.C. v. Miss. Transp. Comm'n*, 976 F.3d 524 (5th Cir. 2020), this case must now be remanded to the Chancery Court of Harrison County, Mississippi.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Lamar Company, LLC's [69-1] Motion for Attorney's Fees and Costs, which was originally filed before the United States Court of Appeals for the Fifth Circuit on September 1, 2020, is **DENIED IN PART** as to Lamar's arguments concerning 28 U.S.C. § 1447(c) and

Fed. R. Civ. P. 11. This Court expresses no opinion regarding the remaining claims for costs and fees asserted under the Mississippi Litigation Accountability Act.

**IT IS FURTHER ORDERED AND ADJUDGED** that this case is **REMANDED** to the Chancery Court of Harrison County, Mississippi. A certified copy of this order of remand shall be immediately mailed by the Clerk of this Court to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED** this the 4th day of December, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE